1  E. MARTIN ESTRADA
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   ALEXANDER B. SCHWAB (Cal. Bar No. 283421)
4  Assistant United States Attorney
   Deputy Chief, Major Frauds Section
5       1100 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-1259
7       Facsimile: (213) 894-0141
        E-mail:   alexander.schwab@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 UNITED STATES OF AMERICA,        No. CR 21-519-VAP

13          Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
                                    WING HONG LEE
14          v.

15 WING HONG LEE,

16          Defendant.

17

18      1.   This constitutes the plea agreement between WING HONG LEE

19 ("defendant") and the United States Attorney's Office for the Central

20 District of California (the "USAO") in the above-captioned case and

21 investigation of criminal tax violations.  This agreement is limited

22 to the USAO and cannot bind any other federal, state, local, or

23 foreign prosecuting, enforcement, administrative, or regulatory

24 authority.

25                     DEFENDANT'S OBLIGATIONS

26      2.   Defendant agrees to:

27          a.   Give up the right to indictment by a grand jury and,

28 at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to count two of a two-count first superseding information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with wire fraud, in violation of 18 U.S.C. § 1343 (count one), and subscribing to a false tax return, in violation of 26 U.S.C. § 7206(1) (count two).

        b.    Not contest facts agreed to in this agreement.

        c.    Abide by all agreements regarding sentencing contained in this agreement.

        d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

        e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

        f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

        g.    Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

        h.    Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

1          i.    Complete the Financial Disclosure Statement on a form

2 provided by the USAO and, within 30 days of defendant's entry of a

3 guilty plea, deliver the signed and dated statement, along with all

4 of the documents requested therein, to the USAO by either email at

5 usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

6 Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

7 Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

8 criminal debt shall be assessed based on the completed Financial

9 Disclosure Statement and all required supporting documents, as well

10 as other relevant information relating to ability to pay.

11          j.    Authorize the USAO to obtain a credit report upon

12 returning a signed copy of this plea agreement.

13          k.    Consent to the USAO inspecting and copying all of

14 defendant's financial documents and financial information held by the

15 United States Probation and Pretrial Services Office.

16 PAYMENT OF TAXES OWED

17     3.    Defendant admits that defendant received approximately

18 $5,130 in unreported income for tax year 2010, approximately $27,300

19 in unreported income for tax year 2011, approximately $73,487 in

20 unreported income for tax year 2012, approximately $21,205 in

21 unreported income for tax year 2013, approximately $122,255 in

22 unreported income for tax year 2014, approximately $76,272 in

23 unreported income for tax year 2015 and approximately $218,218 in

24 unreported income for tax year 2016.

25          a.    Defendant will file, prior to the time of sentencing,

26 an amended tax return for tax year 2015 and an initial tax return for

27 tax year 2016 correctly reporting unreported income (i.e., $76,272 in

28 unreported income for 2015 and $218,218 in unreported income for

3

2016"); will, if requested to do so by the Internal Revenue Service, provide the Internal Revenue Service with information regarding the years covered by the returns; and will promptly pay to the Fiscal Clerk of the Court all additional taxes and all penalties and interest thereafter determined by the Internal Revenue Service to be owing as a result of any computational error(s).  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

b.   Nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustments to defendant's returns after they are filed.

c.   Defendant will not, after filing the returns, file any claim for refund of taxes, penalties, or interest for amounts attributable to the returns filed in connection with this plea agreement.

d.   Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6663, on the understatement of tax liability for tax year 2015 and is liable under 26 U.S.C. § 6651(f) for the penalty for failure to file a tax return for tax year 2016.

e.   Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the criminal investigation of this matter, including materials and information obtained through grand jury subpoenas.

f.   Before the time of sentencing, defendant will sign and provide to the Internal Revenue Service closing agreements with the Internal Revenue Service, permitting the Internal Revenue Service to

1  assess and collect the total sum of $180,743.40 ($1,436.40, $8,513,
2  $25,660, $7,921, $42,619, $27,812, and $66,922 for defendant's tax
3  years 2010 through 2016, respectively), which comprises the tax
4  liabilities, as well as assess and collect the civil fraud penalty
5  for each year and statutory interest, on the tax liabilities, as
6  provided by law.

7                          THE USAO'S OBLIGATIONS

8      4.    The USAO agrees to:

9           a.    Not contest facts agreed to in this agreement.

10          b.    Abide by all agreements regarding sentencing contained
11  in this agreement.

12          c.    At the time of sentencing, move to dismiss the
13  remaining count of the first superseding information and the
14  underlying indictment as against defendant.  Defendant agrees,
15  however, that at the time of sentencing the Court may consider any
16  dismissed charges in determining the applicable Sentencing Guidelines
17  range, the propriety and extent of any departure from that range, and
18  the sentence to be imposed.

19          d.    At the time of sentencing, provided that defendant
20  demonstrates an acceptance of responsibility for the offense up to
21  and including the time of sentencing, recommend a two-level reduction
22  in the applicable Sentencing Guidelines offense level, pursuant to
23  USSG § 3E1.1, and recommend and, if necessary, move for an additional
24  one-level reduction if available under that section.

25          e.    Recommend that defendant be sentenced to a term of
26  imprisonment no higher than the low end of the applicable Sentencing
27  Guidelines range, provided that the offense level used by the Court
28  to determine that range is 15 or higher.  For purposes of this

                                  5

1    agreement, the low end of the Sentencing Guidelines range is that
2    defined by the Sentencing Table in USSG Chapter 5, Part A, without
3    regard to reductions in the term of imprisonment that may be
4    permissible through the substitution of community confinement or home
5    detention as a result of the offense level falling within Zone B or
6    Zone C of the Sentencing Table.

7         f.    Not further criminally prosecute defendant for a
8    violation of 26 U.S.C. § 7203 arising out of defendant's failure to
9    file a tax return for tax year 2016 as described in the agreed-to
10   factual basis set forth below.  Defendant understands that the USAO
11   is free to criminally prosecute defendant for any other unlawful past
12   conduct or any unlawful conduct that occurs after the date of this
13   agreement.  Defendant agrees that at the time of sentencing the Court
14   may consider the uncharged conduct in determining the applicable
15   Sentencing Guidelines range, the propriety and extent of any
16   departure from that range, and the sentence to be imposed after
17   consideration of the Sentencing Guidelines and all other relevant
18   factors under 18 U.S.C. § 3553(a).

19                        NATURE OF THE OFFENSE

20        5.    Defendant understands that for defendant to be guilty of
21   the crime charged in count two, that is, subscribing to a false tax
22   return, in violation of 26 U.S.C. § 7206(1), the following must be
23   true: (1) defendant signed and filed a tax return that he knew
24   contained false or incorrect information as to a material matter;
25   (2) the return contained a written declaration that it was being
26   signed subject to the penalties of perjury; and (3) in filing the
27   false tax return, the defendant acted willfully.

28

## PENALTIES AND RESTITUTION

6.     Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 26 U.S.C. § 7206(1) is: three years' imprisonment; a one-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greater; and a mandatory special assessment of $100.

7.     Defendant agrees to make full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in USSG § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any count dismissed pursuant to this agreement as well as all relevant conduct, as defined in USSG § 1B1.3, in connection with that count.  Specifically, the parties currently believe that the applicable amount of restitution defendant owes is $659,177 (comprising approximately $180,743 in restitution to the IRS and approximately $478,434 in restitution to Maxtrade LLC) but recognize and agree that this amount could change based on facts that come to the attention of the parties after the effective date of this agreement and prior to sentencing.

8. Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the count of conviction and any relevant conduct; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

9. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

12.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At times relevant to the first superseding information, defendant was employed as a sales manager by Maxtrade LLC, a

1  wholesaler and retailer of recreational vehicle and motorsports
2  accessories.  As a sales manager, defendant's responsibilities
3  included processing customer orders, creating invoices, arranging for
4  the shipment of customer orders, and collecting payment from
5  Maxtrade's customers, as well as conducting an annual inventory count
6  of Maxtrade's goods.  Beginning no later than January 2011 and
7  continuing through in or around November 2016, in Los Angeles County,
8  within the Central District of California, and elsewhere, defendant,
9  knowingly and with the intent to defraud, devised, participated in,
10  and executed a scheme to defraud Maxtrade as to material matters, and
11  to obtain money, funds, assets, and other property from Maxtrade by
12  means of material false and fraudulent pretenses, representations,
13  and promises, and the concealment of material facts.

14        In his capacity as a sales manager, defendant processed customer
15  orders for Maxtrade and created invoices for those orders.  Defendant
16  then obtained the authorization of a Maxtrade accountant for the
17  shipment of the ordered goods from Maxtrade's warehouse to the
18  Maxtrade customers and provided Maxtrade's warehouse with copies of
19  the corresponding invoices, causing the goods to be shipped by
20  Maxtrade to the customers.  After the goods had been shipped and
21  received by the customers, defendant falsely and fraudulently
22  informed Maxtrade's accounting department that the customers had
23  cancelled the orders.  As a result of these false and fraudulent
24  representations, and as defendant intended, Maxtrade's accounting
25  department did not expect to receive any payment from the customers
26  for the orders.  In reality, the customers had not cancelled the
27  orders, Maxtrade had already shipped the goods, and defendant stole
28  the money the customers owed to Maxtrade for the goods they had

received.  And, without Maxtrade's knowledge or authorization, defendant caused Maxtrade's customers to remit the money the customers owed to Maxtrade to defendant instead, including by providing payment instructions directing the customers to wire the funds comprising the payments for the Maxtrade goods to a Citibank checking account for which defendant was the sole signatory.  For example, on November 9, 2016, defendant caused a Maxtrade customer to transfer approximately $8,340 by means of interstate wire transfer to his Citibank account.  As a result of this fraudulent scheme, defendant misappropriated approximately $478,434 in funds intended for Maxtrade.

Defendant failed to report on his federal tax returns filed for tax years 2011 through 2015 the income he derived from the criminal schemed described above.  For instance, on April 15, 2016, defendant made and subscribed to a materially false United States Individual Income Tax Return, Form 1040, for calendar year 2015, which was filed with the Internal Revenue Service and verified by a written declaration that it was made under the penalties of perjury.  In that tax return, defendant willfully reported on line 22 that his taxable income for calendar year 2015 was $40,194, when, as he then well knew, that figure did not include $76,272 in funds embezzled from Maxtrade, which would have increased his tax due and owing for that year by $27,812.  Likewise, defendant willfully failed to file a federal income tax return for tax years 2010 or 2016, for which he received unreported income of $5,130 and $218,218, respectively. Defendant's total tax due and owing to the IRS based on unreported income for tax years 2010 through 2016 is approximately $180,743.

SENTENCING FACTORS

13.    Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).   Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

14.    Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level | 16 | USSG §§ 2T1.1(a)(1); |
| | | 2T4.1(F) |
| Source of Income > $10,000 in Criminal Activity | +2 | USSG § 2T1.1(b)(1) |
| Acceptance of Responsibility | -3 | USSG § 3E1.1 |

The USAO will agree to a two-level downward adjustment for acceptance of responsibility (and, if applicable, move for an additional one-level downward adjustment under USSG § 3E1.1(b)) only if the conditions set forth in paragraph 4(d) are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of USSG § 3C1.1, as discussed below.   Subject to paragraph 29 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally

or in writing, that any other specific offense characteristics or adjustments relating to the offense level be imposed.  Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of USSG § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under USSG § 3E1.1.

15.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

1        d.    The right to be presumed innocent and to have the

2  burden of proof placed on the government to prove defendant guilty

3  beyond a reasonable doubt.

4        e.    The right to confront and cross-examine witnesses

5  against defendant.

6        f.    The right to testify and to present evidence in

7  opposition to the charges, including the right to compel the

8  attendance of witnesses to testify.

9        g.    The right not to be compelled to testify, and, if

10  defendant chose not to testify or present evidence, to have that

11  choice not be used against defendant.

12        h.    Any and all rights to pursue any affirmative defenses,

13  Fourth Amendment or Fifth Amendment claims, and other pretrial

14  motions that have been filed or could be filed.

15                    WAIVER OF STATUTE OF LIMITATIONS

16    18.    Having been fully advised by defendant's attorney regarding

17  application of the statute of limitations to the offense to which

18  defendant is pleading guilty, and consistent with the tolling

19  agreements previously entered by defendant and the USAO, defendant

20  hereby knowingly, voluntarily, and intelligently waives,

21  relinquishes, and gives up: (a) any right that defendant might have

22  not to be prosecuted for the offense to which defendant is pleading

23  guilty because of the expiration of the statute of limitations for

24  that offense prior to the filing of the first superseding information

25  alleging that offense; and (b) any defense, claim, or argument

26  defendant could raise or assert that prosecution of the offense to

27  which defendant is pleading guilty is barred by the expiration of the

28

applicable statute of limitations, pre-indictment delay, or any
speedy trial violation.

## WAIVER OF APPEAL OF CONVICTION

19. Defendant understands that, with the exception of an appeal
based on a claim that defendant's guilty plea was involuntary, by
pleading guilty defendant is waiving and giving up any right to
appeal defendant's conviction on the offense to which defendant is
pleading guilty. Defendant understands that this waiver includes,
but is not limited to, arguments that the statute to which defendant
is pleading guilty is unconstitutional, and any and all claims that
the statement of facts provided herein is insufficient to support
defendant's plea of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20. Defendant agrees that, provided the Court imposes a total
term of imprisonment on all counts of conviction of no more than 24
months, defendant gives up the right to appeal all of the following:
(a) the procedures and calculations used to determine and impose any
portion of the sentence; (b) the term of imprisonment imposed by the
Court; (c) the fine imposed by the Court, provided it is within the
statutory maximum; (d) to the extent permitted by law, the
constitutionality or legality of defendant's sentence, provided it is
within the statutory maximum; (e) the amount and terms of any
restitution order; (f) the term of probation or supervised release
imposed by the Court, provided it is within the statutory maximum;
and (g) any of the following conditions of probation or supervised
release imposed by the Court: the conditions set forth in Second
Amended General Order 20-04 of this Court; the drug testing

1  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
2  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

3      21.  Defendant also gives up any right to bring a post-
4  conviction collateral attack on the conviction or sentence, including
5  any order of restitution, except a post-conviction collateral attack
6  based on a claim of ineffective assistance of counsel, a claim of
7  newly discovered evidence, or an explicitly retroactive change in the
8  applicable Sentencing Guidelines, sentencing statutes, or statutes of
9  conviction.  Defendant understands that this waiver includes, but is
10  not limited to, arguments that the statute to which defendant is
11  pleading guilty is unconstitutional, and any and all claims that the
12  statement of facts provided herein is insufficient to support
13  defendant's plea of guilty

14      22.  The USAO agrees that, provided (a) all portions of the
15  sentence are at or below the statutory maximum specified above and
16  (b) the Court imposes a term of imprisonment of no less than 18
17  months, the USAO gives up its right to appeal any portion of the
18  sentence, with the exception that the USAO reserves the right to
19  appeal the amount of restitution ordered if that amount is less than
20  $700,000.

21              RESULT OF WITHDRAWAL OF GUILTY PLEA

22      23.  Defendant agrees that if, after entering a guilty plea
23  pursuant to this agreement, defendant seeks to withdraw and succeeds
24  in withdrawing defendant's guilty plea on any basis other than a
25  claim and finding that entry into this plea agreement was
26  involuntary, then (a) the USAO will be relieved of all of its
27  obligations under this agreement; and (b) should the USAO choose to
28  pursue any charge that was either dismissed or not filed as a result

                              16

of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

24. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

25. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

26. Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw

the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

27. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

28. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

1  fulfill all defendant's obligations under this agreement.  Defendant
2  understands that no one -- not the prosecutor, defendant's attorney,
3  or the Court -- can make a binding prediction or promise regarding
4  the sentence defendant will receive, except that it will be within
5  the statutory maximum.

6                       NO ADDITIONAL AGREEMENTS

7      31.  Defendant understands that, except as set forth herein,
8  there are no promises, understandings, or agreements between the USAO
9  and defendant or defendant's attorney, and that no additional
10 promise, understanding, or agreement may be entered into unless in a
11 writing signed by all parties or on the record in court.

12           PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13     32.  The parties agree that this agreement will be considered
14 part of the record of defendant's guilty plea hearing as if the
15 entire agreement had been read into the record of the proceeding.

16 AGREED AND ACCEPTED

17 UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
18 CALIFORNIA

19 E. MARTIN ESTRADA
   United States Attorney
20

21                                              January 10, 2023

   ALEXANDER B. SCHWAB                          Date
22 Assistant United States Attorney

23

24 WING HONG LEE                                JANUARY 10, 2023
   Defendant                                    Date
25

26 DAVID A. KATZ                                JANUARY 10, 2023
   Attorney for Defendant                       Date
27 WING HONG LEE

28

                                20

1

CERTIFICATION OF DEFENDANT

2    I have read this agreement in its entirety.  I have had enough
3   time to review and consider this agreement, and I have carefully and
4   thoroughly discussed every part of it with my attorney.  I understand
5   the terms of this agreement, and I voluntarily agree to those terms.
6   I have discussed the evidence with my attorney, and my attorney has
7   advised me of my rights, of possible pretrial motions that might be
8   filed, of possible defenses that might be asserted either prior to or
9   at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
10   of relevant Sentencing Guidelines provisions, and of the consequences
11   of entering into this agreement.  No promises, inducements, or
12   representations of any kind have been made to me other than those
13   contained in this agreement.  No one has threatened or forced me in
14   any way to enter into this agreement.  I am satisfied with the
15   representation of my attorney in this matter, and I am pleading
16   guilty because I am guilty of the charge and wish to take advantage
17   of the promises set forth in this agreement, and not for any other
18   reason.

19
                                                    January 10, 2023
20   ─────────────────────────────          ─────────────────────
    WING HONG LEE                            Date
21   Defendant

22

CERTIFICATION OF DEFENDANT'S ATTORNEY

23    I am WING HONG LEE's attorney.  I have carefully and thoroughly
24   discussed every part of this agreement with my client.  Further, I
25   have fully advised my client of his rights, of possible pretrial
26   motions that might be filed, of possible defenses that might be
27   asserted either prior to or at trial, of the sentencing factors set
28   forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

21

provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is informed and voluntary; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____          January 10, 2023
DAVID A. KATZ                             Date
Attorney for Defendant
WING HONG LEE

22

# EXHIBIT A

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          CR No. 21-519(A)-VAP

11              Plaintiff,              F̲ I̲ R̲ S̲ T̲
                                        S̲ U̲ P̲ E̲ R̲ S̲ E̲ D̲ I̲ N̲ G̲
12              v.                      I̲ N̲ F̲ O̲ R̲ M̲ A̲ T̲ I̲ O̲ N̲

13   WING HONG LEE,                     [18 U.S.C. § 1343: Wire Fraud; 26
                                        U.S.C. § 7206(1): Subscribing to a
14              Defendant.              False Tax Return]

15

16        The United States Attorney charges:

17                         COUNT ONE

18                    [18 U.S.C. § 1343]

19   A.   INTRODUCTORY ALLEGATIONS

20        1.   At times relevant to this First Superseding Information:

21             a.   Defendant WING HONG LEE was a resident of Los Angeles

22   County, California.

23             b.   Defendant LEE maintained and had sole signatory

24   authority over a checking account held at Citibank (the "Citibank

25   Account").

26             c.   Maxtrade LLC ("Maxtrade") was a limited liability

27   company located in South El Monte, California.  J.M. was the

28

President and Manager of Maxtrade.  Maxtrade was a wholesaler and
retailer of recreational vehicle and motorsports accessories.

        d.   Defendant LEE was employed by Maxtrade as a Sales
Manager.  As a Sales Manager, defendant LEE's responsibilities
included processing customer orders, creating invoices, arranging for
the shipment of customer orders, and collecting payment from
Maxtrade's customers.  As a Sales Manager, defendant LEE was also
responsible for conducting an annual inventory count of Maxtrade's
goods.

B.   THE SCHEME TO DEFRAUD

    2.   Beginning no later than January 2011 and continuing through
in or around November 2016, in Los Angeles County, within the Central
District of California, and elsewhere, defendant LEE, knowingly and
with the intent to defraud, devised, participated in, and executed a
scheme to defraud Maxtrade as to material matters, and to obtain
money, funds, assets, and other property from Maxtrade by means of
material false and fraudulent pretenses, representations, and
promises, and the concealment of material facts.

    3.   The fraudulent scheme operated, in substance, in the
following manner:

        a.   Defendant LEE processed customer orders for Maxtrade
and created invoices for those orders.  Defendant LEE would then
obtain the authorization of a Maxtrade accountant for the shipment of
the ordered goods from Maxtrade's warehouse to the Maxtrade customers
and would provide Maxtrade's warehouse with copies of the
corresponding invoices, causing the goods to be shipped by Maxtrade
to the customers.

b.     After the goods had been shipped and received by the customers, defendant LEE would falsely and fraudulently inform Maxtrade's accounting department that the customers had cancelled the orders.  As a result of these false and fraudulent representations, and as defendant LEE intended, Maxtrade's accounting department did not expect to receive any payment from the customers for the orders. In fact, as defendant LEE then knew, the customers had not cancelled the orders, Maxtrade had already shipped the goods, and defendant LEE intended to and would steal the money the customers owed to Maxtrade for the goods they had received.

c.     Without Maxtrade's knowledge and authorization, defendant LEE then caused Maxtrade's customers to remit the money the customers owed to Maxtrade to defendant LEE instead, including by providing payment instructions directing the customers to wire the funds comprising the payments for the Maxtrade goods to the Citibank Account.

4.     As a result of the fraudulent scheme, defendant LEE fraudulently obtained for his personal use at least approximately $478,434 in funds belonging to Maxtrade.

C.     <u>USE OF INTERSTATE WIRES</u>

5.     On or about November 9, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendant LEE, for the purpose of executing the fraudulent scheme described above, caused the transmission of a wire communication in interstate commerce, namely, the transfer using the Fedwire system of approximately $8,340.00, initiated by Maxtrade customer 1, to defendant LEE's checking account at Citibank in the Central District of California.

1                            COUNT TWO

2                        [26 U.S.C. § 7206(1)]

3        6.   On or about April 15, 2016, in Los Angeles County, within

4    the Central District of California, and elsewhere, defendant WING

5    HONG LEE willfully made and subscribed to a materially false United

6    States Individual Income Tax Return, Form 1040, for calendar year

7    2015, which was filed with the Internal Revenue Service and verified

8    by a written declaration that it was made under the penalties of

9    perjury, and which income tax return defendant LEE did not believe to

10   be true as to every material matter, in that, on such Form 1040,

11   defendant LEE reported on line 22 that his taxable income for

12   calendar year 2015 was $40,194, when, as defendant LEE then well

13   knew, his total income for calendar year 2015 was substantially

14   higher than he reported.

15

16                                    E. MARTIN ESTRADA
                                      United States Attorney
17

18

19                                    SCOTT M. GARRINGER
                                      Assistant United States Attorney
20                                    Chief, Criminal Division

21                                    RANEE A. KATZENSTEIN
                                      Assistant United States Attorney
22                                    Chief, Major Frauds Section

23                                    ALEXANDER B. SCHWAB
                                      Assistant United States Attorney
24                                    Deputy Chief, Major Frauds Section

25

26

27

28

                                      4